**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roman BENTURA–ORTIZ,**
**Defendant–Appellant.**

No. 15–50106

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 20, 2016

Benjamin Holley, Helen H. Hong, Assistant U.S. Attorneys, Office of the US Attorney, San Diego, CA, for Plaintiff–Appellee.

Andrea Renee St. Julian, Esquire, Attorney, San Diego, CA, for Defendant–Appellant.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Roman Bentura–Ortiz appeals from the district court's judgment and challenges the 16–month custodial sentence and 3–year term of supervised release imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bentura–Ortiz first contends that the district court abused its discretion by denying the parties' joint recommendation for a fast-track departure under U.S.S.G. § 5K3.1. Contrary to Bentura–Ortiz's argument, the record reflects that the district court properly based its denial of the fast-track departure on individualized factors and not on a blanket policy of denying fast-track departures. *See United States v. Rosales–Gonzales,* 801 F.3d 1177, 1183–84 (9th Cir. 2015).

Bentura–Ortiz next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

circumstances, including Bentura–Ortiz's immigration history and the need to afford adequate deterrence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Valdavinos–Torres,* 704 F.3d 679, 692–93 (9th Cir. 2012) (imposition of supervised release as a deterrent was reasonable). Moreover, contrary to Bentura–Ortiz's contention, the record reflects that the district court considered the applicable section 3553(a) factors and sufficiently explained the sentence. *See United States v. Carty,* 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.